PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1999 Volvo V70 struck a hole on Route 33 in Putnam County. Route 33 is a road maintained *120 by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 11:00 a.m. on June 14,2007. Route 33 is a marked, two-lane paved road with one lane traveling in each direction. As claimant’s daughter, Shawna Tyree, was driving to the Putnam County Bank at approximately twenty-five miles per hour, claimant’s vehicle struck a hole on Route 33. Since there was a vehicle traveling in front of Ms. Tyree, she was unable to avoid the hole before the vehicle struck it. Ms. Tyree testified that the hole extended approximately one foot from the main travel portion of the road and was approximately six inches deep. Since the claimant’s daughter did not travel this road frequently, she was not aware of the holes at this location. Ms. Tyree stated that she was running an errand for the Tyree, Embree, Law Firm, and she had never been to this bank before. As a result of this incident, the vehicle had to be towed in the amount of $60.00, the rim sustained damage in the amount of $47.10, and two tires had to be replaced and balanced in the amount of $321.68. Thus, the total amount of claimant’s damages amounts to $428.78. Claimant’s insurance deductible at the time of the incident was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 33. The respondent did not present any witnesses at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The Court finds that respondent had constructive notice of the hole based on its size and its location on the main travel portion of Route 33. Since respondent’s negligent maintenance of Route 33 was the proximate cause of the damages sustained to claimant’s vehicle, the claimant may make a recovery in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $428.78.
Award of $428.78.